UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBIN AUSTIN, ) | | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | CAUSE NO.: 2:15-CV-104-JEM |
| | ) | |
| WALGREEN COMPANY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Walgreen Co.'s Motion for Summary Judgment [DE 30], filed on September 30, 2016, and Walgreen's Motion to Strike Plaintiff's Statements in her Medical Records Contained in Doc #33-5 and Doc #33-6 [DE 35], filed on November 18, 2016.

**I.  Procedural Background**

On March 18, 2015, Austin's Complaint, originally filed in state court on January 27, 2015, was removed to this Court. It includes a single personal injury claim, alleging that Austin fell and was injured in a Walgreens store as a result of the store's negligence.

The instant Motion for summary judgment was filed on September 30, 2016. Plaintiff Robin Austin responded to the Motion for Summary Judgment on November 7, 2016, and on November 18, 2016, Walgreens filed a reply. On November 28, 2016, Austin filed a response to the Motion to Strike, and Walgreens replied on December 5, 2016.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

**III.   Undisputed Material Facts**

On January 15, 2014, Austin arrived at a Walgreens store in her cold weather boots and saw a snowplow leaving the parking lot. Austin testified that while she was in the store, she stepped on something slippery that caused her to fall, but that she did not see any water on the floor and was not looking down when she fell. The store manager testified that there was no water in the area of Austin's fall before she fell, and that he did not see any water on the floor in that area afterwards. Another customer came to Austin's aid when she fell, and testified that she had no recollection of seeing any substance on the floor when she was helping Austin.

A witness who arrived shortly after Austin's fall stated that she saw water around Austin, and then took photos to document the water and the fact that there were no caution signs in the area near where Austin had fallen, although there were signs warning of wet floor conditions in a different area of the store. A police officer was dispatched to the store and testified that the water shown in the photographs taken after he arrived was likely caused by snow melting off of his or other bystanders' shoes.

**IV.   Analysis**

    A.   <u>Motion to Strike</u>

Walgreens argues that several the statements Austin designated in her response to the motion for summary judgment should be stricken as inadmissible hearsay. In particular, Austin designates medical records that include reference to her statements to treating physicians that she slipped on water or a wet floor and that caused her knee injury. Austin argues that the contested statements can be introduced as statements made for medical diagnosis or treatment.

Hearsay, which is defined as a declarant's out-of-court statement that a "party offers in

3

evidence to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(a)(c), is not admissible unless allowed by statute, the Federal Rules of Evidence, or other rules created by the United States Supreme Court. Fed. R. Evid. 802. One of these rules provides an exception for a statement "made for – and is reasonably pertinent to – medical diagnosis or treatment; and . . . describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). Austin argues that her statements were about the cause of her symptoms and therefore come within this exception. However, "[b]y its own terms, Rule 803(4) does not exclude from the hearsay rule statements relating to fault which are not relevant to diagnosis or treatment." *Cook v. Hoppin*, 783 F.2d 684, 690 (7th Cir. 1986) (citations omitted). Accordingly, "[t]he test, when examining whether statements contained in medical records relating to the cause of an injury are admissible hearsay, is whether such statements are of the type reasonably pertinent to a physician in providing treatment." *Id*.

The fact that Austin slipped and fell is relevant to her diagnosis, but the statements relating to fault are not, and are therefore stricken and not considered by the Court as evidence herein. *See Friedrich v. Menard, Inc.*, No. 3:10CV529, 2012 WL 5988875, at *5 (N.D. Ind. Nov. 28, 2012) ("Menard argues that Friedrich's medical record contains impermissible hearsay statements because the presence or absence of ice was not relevant to the diagnosis or treatment of his injury, and does not meet the medical record exception of Rule 803(4). This court agrees with Menard that the medical record exception does not apply, and thus the medical record in question is inadmissible hearsay and will be stricken.").

B.   Summary Judgment

Walgreens argues that it is entitled to summary judgment on Austin's claims because Austin

4

has failed to meet her burden to demonstrate that her injury was caused by Walgreens's negligence. Austin argues that admissible evidence exists that Walgreens had knowledge that, on the day of Austin's accident, patrons were tracking snow into Walgreens's property that would melt on the floor and create a dangerous condition.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused the injury to the plaintiff. *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind.Ct.App.1993); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind.Ct.App.1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.") (quotation omitted). "Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition." *Midwest Commerce Banking*, 608 N.E.2d at 1013.

Walgreens argues that Austin cannot prove what caused her fall and has not put forth any direct evidence that, for example, the floor was wet where she slipped. Austin argues that she has evidence it had been snowing, and that Walgreens knew that snow tracked into its store melts and

5

creates hazards. In his deposition, the store manager testified that the floor was not wet when he approached Austin after she fell. A customer who came to Austin's aid after she fell testified that she did not recall seeing water or anything spilled in the area around where Austin fell. When Austin was asked at her deposition what she believed caused her to fall, she testified, "It was water, what I assumed." Austin Dep. 74:5-7; *see also* 74:18-20 [DE 33-1]. She testified, "[W]alking towards the cash register, my right foot hit something wet, and all of my weight landed on my left knee." Austin Dep. 79:12-14 [DE 33-1]. When asked if she felt something wet under her foot, Austin responded, "Right. That's what I slipped on." Austin Dep. 79:19-20 [DE 33-1]. When asked if she saw any water, she stated, "I did not see any water until I later saw the pictures," Austin Dep. 74:21-23 [DE 33-1], referring to photos taken by a friend of Austin's. The friend arrived with Austin's son after he received a phone call telling him that Austin had fallen. The friend testified that she noticed that "[i]t was all wet where [Austin] was . . . laying down." Vanderhere Dep. 17:13-18 [DE 33-4]. She also took some photographs of the store, particularly noting that there were no "wet floor" signs near where Austin was lying.

Austin argues that the evidence that there was a puddle of water around her after she fell is sufficient to demonstrate that there was water before she fell and a jury could infer that water caused her to slip. Walgreens argues that none of the evidence designated by Austin establishes a question of fact regarding the condition of the floor at the time of Austin's fall, since the water seen later on could have been caused by, for example, bystanders or paramedics coming to Austin's aid. Indeed, Austin has failed to present any evidence that the alleged defect – that is, water or another substance on the floor – was present before she fell, let alone that Walgreens had some knowledge of a dangerous condition. Austin has not designated sufficient factual evidence to demonstrate that

6

Walgreen's negligence was the proximate cause of her injury. *Friedrich*, 2012 WL 5988875, at *6 ("[The plaintiff] stated in his deposition that he did not recall there being any snow or ice in the parking lot at the time of his fall. Consequently, there is no issue of fact regarding actual or constructive knowledge of the alleged defect, and thus there is no basis to deny summary judgment."): *Gupta v. Caesars Riverboat Casino, LLC*, No. 4:08-CV-40-WGHDFH, 2009 WL 3681700, at *4 (S.D. Ind. Oct. 13, 2009) ("[T]he only evidence proffered by Dr. Gupta suggests that he *thinks* he fell on something wet. However, Dr. Gupta has not provided any evidence that the floor actually was wet or the size of any wet spot that might have been present. Neither has he located the source of the alleged wet substance, nor has he presented any evidence of how long such a wet substance was on the floor. . . . The Court must grant summary judgment in this instance because a jury is not permitted to infer that [the defendant] was negligent merely because [the plaintiff] fell."); *Taylor v. Cmty. Hosps. of Ind., Inc.*, 949 N.E.2d 361, 366 (Ind. Ct. App. 2011) ("[The plaintiff] infers that something was on the Hospital's floor because she fell. She, however, admits that she neither saw nor felt anything on the floor prior to or in the moments after her fall. The Hospital's designated evidence established a lack of genuine issues of material fact that would allow a trier of fact to find that the Hospital caused Taylor's fall. Taylor could not then rely on conjecture that the floor was wet or slippery to demonstrate the existence of genuine factual issues to be resolved at trial."); *Scott Cnty. Family YMCA, Inc. v. Hobbs*, 817 N.E.2d 603, 605-06 (Ind. Ct. App. 2004) ("Hobbs' designated evidence shows that months before his fall, flooring that may or may not be around the area of his fall was in need of repair and that it was patched by a local contractor. From this evidence, a trier of fact could find negligence only by engaging in prohibited inferential speculation. When this evidence is considered in conjunction with Hobbs' deposition testimony and

7

the affidavit of the YMCA employee that there was nothing wrong with the floor at the time of the injury, it becomes even clearer that, as in *Wright*, a finding of negligence could only occur if the jury 'jumped the gap from reason to speculation.'") (quoting *Wright Corp. v. Quack*, 526 N.E.2d 216, 219 (Ind. Ct. App. 1988)); *Hayden*, 731 N.E.2d at 458-59 ("Although James alleges in his complaint that he slipped and fell on snow and ice on Paragon's property, he testified in his deposition that he did not see any snow on the pavement where he fell and that he did not know whether there was any ice in the area. James further testified that it is his 'belief' that he slipped on ice and that he 'suspects' he slipped on 'something.' . . . Because we conclude that the Haydens are unable to fulfill one of the three requirements for a cause of action in negligence, their claim fails, and . . . we affirm the trial court's grant of summary judgment."); *Midwest Commerce Banking*, 608 N.E.2d at 1013 ("Without any evidence of how or why Livings fell and therefore no evidence on the cause of Living'' injury, Livings failed to meet her burden to come forward with specific facts. Summary judgment ought to have been granted in favor of the Bank."); *Hale*, 567 N.E.2d at 843 ("Anita gave deposition testimony in which she repeatedly stated that as she stepped from the curb she felt as though she stepped into a hole. Additionally, Anita stated that it was dark, that she did not see a hole, and that she did not remember seeing any defect before she stepped from the curb. . . . [Later], Anita returned to the crosswalk to view the area of the fall. Anita observed 'bad places' in the curb. She did not know whether the rough areas were present at the time of her fall . . . and she did not know if they caused her fall. . . [N]o evidence of negligence has been established or placed at issue. Accordingly, the Hales' claim is based upon speculation and conjecture. Summary judgment was properly entered."); *Wright Corp.*, 526 N.E.2d at 218-19 ("Wright's employees testified that no water, hair or other foreign object was on the floor near Quack's fall. While students were known

8

to have had water fights with spray bottles in the past, there was no evidence suggesting that there had been a water fight on the day of the fall. Moreover, hair and water would sometimes accumulate near the washbasins and hair-cutting stations; however, Quack's fall did not occur near a work area where water was dispensed. . . No evidence was presented of any defect in Wright's floor that caused the fall.") (citations omitted).

Although it is unfortunate that Austin was injured, a conclusion ascribing negligence to Walgreens would require speculation and inference. Accordingly, summary judgment is appropriate in Walgreens' favor.

## V.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant, Walgreen Co.'s Motion for Summary Judgment [DE 30] and Walgreen's Motion to Strike Plaintiff's Statements in her Medical Records Contained in Doc #33-5 and Doc #33-6 [DE 35].

SO ORDERED this 21st day of July, 2017.

                                    s/ John E. Martin
                                    MAGISTRATE JUDGE JOHN E. MARTIN
                                    UNITED STATES DISTRICT COURT

cc:    All counsel of record

9